;

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| TIM EGGERBRECHT, | Case No. CV 14-8966-SH |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Motion for Summary Judgment ["Plaintiff's Brief"]; Defendant's

Cross Motion for Summary Judgment Memorandum ["Defendant's Brief"]), and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

## I. BACKGROUND

On September 22, 2009, plaintiff Tim Eggbrecht filed applications for a period of disability or Disability Insurance Benefits and for Supplemental Security Income, alleging an inability to work since July 2, 2009. (See Administrative Record ["AR"] 106-15). On September 16, 2011 (following a hearing on August 22, 2011, see AR 36-50), an Administrative Law Judge ("ALJ") determined that plaintiff had the following severe impairments -- "bilateral elbow tendinopathy, lumbar degenerative disc disease, early osteoarthritis of the knees, bilateral ankle osteroarthritis, and plantar fasciitis" -- but found that plaintiff was not disabled within the meaning of the Social Security Act. (See AR 19-28).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (see AR 1-4), plaintiff filed this action.

Plaintiff solely alleges that the ALJ erred in failing to articulate legally sufficient and factually supported reasons for rejecting petitioner's credibility. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

## II. DISCUSSION

Plaintiff asserts that the ALJ failed to provide proper reasons for finding plaintiff not fully credible. Defendant asserts that the ALJ properly assessed plaintiff's credibility.

At the administrative hearing, plaintiff testified he rents a room and has a property in another county. He has a high school diploma.

He testified he has problems with his elbows, wrists, knees, both ankles, lower back, and right hip. His injuries pre-date July 2, 2009 (his alleged onset date), when he suffered injuries when he was attacked by a sheriff deputy and he alleges they have been progressive, and have grown worse the last few years. He severely sprained his left ankle in March 2005 (and was in a cast for approximately 8 weeks), but it did not heal correctly and arthritis set in. The pain in his left ankle is consistent (making it painful for him to walk at times); he has to work it in the morning and the evening, and he went to therapy for it earlier in 2011. The therapy seemed to help, but the problem kept coming back because he did not do therapy consistently. The pain in his back fluctuates, depending on how active he is. He has had sleep apnea periodically for the last couple of years. He also had chest pains and breathing difficulties. He is not sure if the sleep apnea and breathing issues were due to extra weight gain.

When asked how he treats his symptoms, he stated, "I have been pretty much trying to take better care of myself. Taking it easy. I have been taking medication when I need to. Seeing the doctors when I need to . . ." He currently does not take any medication, but previously took several pain medications. He cannot afford prescription medications. He takes aspirin and over-the-counter medication which help to relieve his symptoms.

He testified that the doctor recommended he wear boots for his ankle problem, which he does. One doctor suggested surgery for his back if the problem continues or gets worse (he did not know the kind of surgery).

He testified that any physical labor limits his ability to work. He can stand for a short time (about 30 minutes) before he needs to sit or walk or engage in some kind of movement. He can sit for 30 minutes to possibly 1 hour before he is uncomfortable. He needs to shift positions throughout the day. He can lift 25 pounds occasionally throughout the day.

He testified he still drives occasionally when he needs to. Once a year he does weed clearance on his property, but needs help if the weeds are out of control. He reads and watches television. (See AR 37-46).

The ALJ found that plaintiff had the following residual functional capacity ("RFC")[1]: the ability to perform medium work[2] with certain limitations, including not lifting or carrying more than 50 pounds occasionally and 25 pounds frequently and only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (See AR 24).

The ALJ stated, "The claimant's testimony at the hearing was not credible to the extent he alleged an inability to perform even a range of medium work. The medical evidence did not support such allegation." (AR 24).

After summarizing the plaintiff's testimony, and after summarizing the vocational expert's testimony, the ALJ wrote:

> The claimant suffers from bilateral elbow tendinopathy, lumbar degenerative disc disease, early osteoarthritis of the knees, bilateral ankle osteoarthritis, and plantar fasciitis. He is able to perform a wide range of medium work as specified in the hypothetical question posed to the vocational expert and discussed above. This conclusion is consistent with the weight of the medical evidence and the functional capacity assessments of record. There were some mild abnormalities documented on MRI scans and x-rays, but even the claimant's treating physicians reported essentially normal orthopedic, neurological, and cardiac examinations and

---

[1] A Residual Functional Capacity ("RFC") is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c) and 416.967(c).

expected resolution of symptoms within a few weeks (Exhibits 6F and 28F). The claimant has been treated conservatively throughout the record. Surgery has not been advised by any treating or consulting physician. The claimant admitted he takes only aspirin for pain relief. He briefly pursued physical therapy. No physician imposed any significant functional limitations on the claimant. At most, the claimant was limited to a wide range of medium work by the state agency medical consultant, Dr. Becker, and the consultative examiner, Dr. Singh. No other treating or consulting physician imposed any functional limitations on the claimant. (AR 25).

The ALJ then wrote, "The lack of significant orthopedic, neurological, or cardiac findings and the lack of significant treatment for pain severely undermined the claimant's credibility." (AR 25).

The ALJ concluded: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment herein." (AR 26).

A claimant initially must produce objective medical evidence establishing a medical impairment reasonably likely to be the cause of the subjective symptoms. Smolen v. Chater, 157 F.3d 1273, 1281 (9th Cir. 1996); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). Once a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his pain and symptoms only by articulating clear and convincing reasons for doing so. Smolen v. Chater, supra; see also Reddick v.

Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).

Here, substantial evidence supported the ALJ's finding that plaintiff's testimony about the intensity, persistence and limiting effects of the symptoms was not fully credible.[3]

One reason given by the ALJ -- the fact that plaintiff's treating and consulting physicians did not impose any significant functional limitations, or state that he was limited to light work (see AR 188-90, 194, 208, 213-15, 224-25, 229, 234-38, 272, 280-83, 301, 304-05, 318, 320, 333-34) -- was a clear and convincing basis for partially rejecting plaintiff's credibility. See Carmichael v. Commissioner, Social Security Administration, 533 F.3d 1155, 1161 (9th Cir. 2008); Johnson v. Shalala, 60 F.3d 1928, 134 (9th Cir. 1995).

Another reason  reason given by the ALJ -- the lack of objective medical evidence for plaintiff's limitations -- was supported by the record. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005)("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001)("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) .

The medical record -- consisting of a neurological examination report of Bruce A. Finstead, M.D. (see AR 188-89), clinical record notes, laboratory tests and x-rays of Holger Bracht, D.O. (see AR 190-94, 197-207), emergency room records and an x-ray

---

[3] The Court will not consider reasons for finding plaintiff not fully credible (see Defendant's Brief at 6) that were not given by the ALJ in the Decision. See Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001); SEC v. Chenery Corp., 332 US 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947).

related to an incident on July 15, 2009 (see AR 208-12), clinical record notes, laboratory tests, MRIs, and ultrasound report of Robert Yamane, M.D. (see AR 213, 216-23, 271-79, 304-06, 308-10, 325-30, 333-34), a cardiology examination report of Heather Shenkman, M.D. (see AR 280-83), a neurological examination report of Vivek Savur, M.D. (see AR 214-15), clinical record notes of Carlos Guanche, M.D. (see AR 224-25), physical/occupational therapy prescription notes of Southern California Orthopedic Institute (see AR 226-228), clinical record notes of Collete King, R.N.P. (see AR 229), an internal medicine consultation report of Jagvinder Singh, M.D. (see AR 234-38), orthopedic evaluation reports, clinical record notes, laboratory tests and MRIs of Hrair Darakjian, M.D. (see AR 301-03, 311-14, 317-22), as discussed by the ALJ (see AR 22-24-25) -- supports the ALJ's reason of the ALJ for finding plaintiff not fully credible.[4]

Although plaintiff takes issue with the ALJ's statement that "[t]here were some mild abnormalities documented on MRI scans and x-rays" (see AR 25), contending that "the record contains x-rays and MRI's that clearly demonstrate more than 'some mild' abnormalities" (see Plaintiff's Brief, citing to AR 218-19 [August 6, 2009 MRIs of plaintiff's right and left elbows], 311, 313-14 [July 16, 2010 MRIs of plaintiff's right and left hips and lumbar spine], and 325, 327, 329 [February 20, 2011MRIs of plaintiff's right and left knees and right ankle]), the record supports the ALJ's characterization of the evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005)("If the record would support more than one rational interpretation, we defer to the ALJ's decision."); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989)("We must uphold

---

[4] Even assuming arguendo that the ALJ's finding that plaintiff was partially not credible based on his conservative treatment was not proper, as plaintiff contends (see Plaintiff's Brief at 13), see Carmickle, supra, 533 F.3d at 1162 ("Although a conservative course of treatment can undermine allegations of debilitating pain, such fact is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not seeking more aggressive treatment."), the Court's determination above that the ALJ's other reasons for finding plaintiff partially not credible were proper renders such error harmless. See id. at 1162-63.

the ALJ's decision where the evidence is susceptible to more than one rational interpretation.").

### III. ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed.

DATED: February 17, 2015

/s/ Stephen J. Hillman

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE